# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | | |
|---|---|---|
| JOHN WELCH, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | NO. 3:17-cv-01516<br>CHIEF JUDGE CRENSHAW |
| CORE CIVIC, | ) ) ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

John Welch is an inmate at the Metro Davidson County Detention Facility in Nashville. He has filed pro se a prisoner Complaint (Doc. No. 1) brought pursuant to 42 U.S.C. § 1983 and an Application to proceed in forma pauperis (Doc. No. 2).

It appears from his Application that the Plaintiff lacks sufficient financial resources from which to pay the fee required to file the Complaint. Accordingly, Plaintiff's Application is **GRANTED.** The Clerk shall file the Complaint in forma pauperis. 28 U.S.C. § 1915(a).

The Plaintiff is herewith **ASSESSED** the civil filing fee of $350.00. Pursuant to 28 U.S.C. § 1915(b)(1)(A) and (B), the custodian of the Plaintiff's inmate trust account at the institution where he now resides is directed to submit to the Clerk of Court, as an initial partial payment, whichever is greater of:

    (a)    twenty percent (20%) of the average monthly deposits to the Plaintiff's inmate trust account; **or**

    (b)    twenty percent (20%) of the average monthly balance in the Plaintiff's inmate trust account for the prior six (6) months.

Thereafter, the custodian shall submit twenty percent (20%) of the Plaintiff's preceding monthly income (or income credited to the Plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty dollars ($350.00) as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk of Court. 28 U.S.C. § 1915(b)(2).

The Defendant, Core Civic, is a privately held corporation under contract with the Metropolitan Government of Nashville and Davidson County to operate the Metro Davidson County Detention Facility. In that capacity, the Defendant acts under color of state law and is subject to suit under 42 U.S.C. § 1983. Street v. Corrections Corp. of America, 102 F.3d 810, 814 (6th Cir. 1996).

According to the Complaint, the Plaintiff suffers from bi-polar depression and seizures. (Doc. No. 1 at 7.) On July 4, 2017, the Plaintiff experienced a seizure. During the seizure, he fell back and hit his head hard on the floor. (Id at 5). The officer on duty (Porter) did not notice the Plaintiff seizing and falling to the floor. (Id.) When he became aware of the Plaintiff's need for medical assistance, the officer sent him to the infirmary rather than calling for a medical emergency "as the policy states." (Id.) The Plaintiff alleges that the failure to call for a medical emergency placed his safety at risk. (Id.)

The Plaintiff was twice refused medical attention for the fall. (Id.) The third time he reported to the infirmary, though, the Plaintiff was seen by a nurse (Price). The nurse merely asked the Plaintiff some questions about his condition, checked his blood pressure, and told him that he had not suffered a seizure. (Id.) The Plaintiff was given some Ibuprofen and sent back to his cell. (Id.)

The Plaintiff notes two consecutive days that the medication he needed to control the bi-polar depression and seizures was not available. (Id at 7.) When he continued to experience dizziness and

blurred vision, the Plaintiff was examined by a nurse (Price). (Id.) During a subsequent examination by Dr. Janet Usher, the Plaintiff was told that the seizure he experienced could have been caused by him not receiving his medication. (Id.) Dr. Usher issued instructions for the Plaintiff to receive a lower bunk assignment. He was forced, however, to sleep in a top bunk for over a month and a half before the doctor's instructions were carried out. (Id at 8.)

The Eighth Amendment imposes upon a county an obligation to provide its prisoners with reasonably adequate food, clothing, shelter, sanitation, recreation and medical care. Grubbs v. Bradley, 552 F.Supp. 1052, 1119-1124 (M.D. Tenn.1982). The failure to provide such necessities is a violation of an inmate's right to be free from cruel and unusual punishment. Bellamy v. Bradley, 729 F.2d 416 (6th Cir.1984).

In an informal grievance (Doc. No. 1 at 10), the Plaintiff describes being told that he was not getting his medication regularly because "they were understaffed, deal with it." The Defendant's policies towards staffing and providing adequate medical care may have led to the Plaintiff suffering from a seizure on at least one occasion. The Plaintiff has, therefore, stated a colorable claim for relief. 28 U.S.C. § 1915A.

Accordingly, the Clerk is instructed to send the Plaintiff a service packet (a blank summons and USM 285 form) for the Defendant. The Plaintiff will complete the service packet and return it to the Clerk's Office within twenty one (21) days of the date of receipt of this order.

Upon return of the service packet, **PROCESS SHALL ISSUE** to the Defendant. The Plaintiff is forewarned that the failure to return the completed service packet within the time required could jeopardize his prosecution of this action. He is further forewarned that his prosecution of this action will be jeopardized should he fail to keep the Clerk's Office informed of his current address.

This action is **REFERRED** to the Magistrate Judge to enter a scheduling order for the management of the case, to dispose or recommend disposition of any pretrial motions under 28 U.S.C. §§ 636(b)(1)(A) and (B), and to conduct further proceedings, if necessary, under Rule 72(b), Fed.R.Civ.P., and the Local Rules of Court.

The Clerk is directed to send a copy of this Order to the Warden of the Metro Davidson County Detention Facility to ensure that the custodian of Plaintiff's inmate trust account complies with that portion of the Prison Litigation Reform Act relating to the payment of the filing fee.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE