IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | | |
|---|---|---|---|
| JOHN ELLIS WELCH | ) | | |
| | ) | | |
| v. | ) | NO: | 3:17-1516 |
| | ) | | |
| CORECIVIC, INC. | ) | | |

**TO: Honorable Waverly D. Crenshaw, Jr., Chief District Judge**

## R E P O R T  A N D  R E C O M E N D A T I O N

By Order entered December 14, 2017 (Docket Entry No. 4), this *pro se,* prisoner civil rights action was referred to the Magistrate Judge for pretrial proceedings under 28 U.S.C. §§ 636(b)(1)(A) and (B), Rule 72(b) of the Federal Rules of Civil Procedure, and the Local Rules of Court.

Pending before the Court is the motion for summary judgment (Docket Entry No. 14) filed by Defendant CoreCivic, Inc., to which Plaintiff has filed a response in opposition. *See* Docket Entry No. 25. For the reasons set out below, the undersigned respectfully recommends that the motion for summary judgment be granted and this action be dismissed.

### I. FACTUAL AND PROCEDURAL BACKGROUND

John Ellis Welch ("Plaintiff") is an inmate of the Tennessee Department of Correction ("TDOC") currently confined at the Metro-Davidson County Detention Facility ("Detention Facility") in Nashville, Tennessee. On December 4, 2017, he filed this action *pro se* and *in forma pauperis* against CoreCivic, Inc. ("CoreCivic"), a privately held corporation that has contracted with the Metropolitan Government of Nashville and Davidson County to operate the Detention Facility.

Plaintiff seeks damages under 42 U.S.C. § 1983 based on allegations that he was denied constitutionally adequate medical care and was mistreated at the Detention Facility.

Specifically, Plaintiff asserts that he suffers from bi-polar depression and seizures. *See* Complaint (Docket Entry No. 1) at 7. He alleges that he experienced a seizure at approximately 2:15 p.m. on July 4, 2017, while sitting at a table in the Detention Facility, causing him to fall and hit his head on the floor. *Id*. at 5. He alleges that Correctional Officer Gregory Porter ("Porter")was on duty but did not notice Plaintiff having the seizure and falling and merely sent him to the infirmary rather than calling for a medical emergency once he became aware of Plaintiff's need for medical assistance. *Id*. Plaintiff contends that Porter should have called for a medical emergency pursuant to "policy and company procedure" and that the failure to call for a medical emergency placed his safety at risk. *Id*. Plaintiff alleges that Correctional Counselor Javontae Dixon ("Dixon") twice refused to permit him to go to the infirmary after the fall but that he was finally seen by Nurse Price on his third attempt to report to the infirmary that day. *Id*. He alleges that Nurse Price merely asked him some questions, checked his blood pressure, gave him some Ibuprofen, and sent him back to his cell after telling him that he had not suffered a seizure. *Id*. He asserts that Nurse Price did a follow-up examination of him on July 11, 2017, and she again merely sent him back to his cell, despite his complaints about continuing to suffer from blurred vision and dizziness. *Id*. at 7.

Plaintiff alleges that he was seen by Dr. Janet Usher ("Dr. Usher") on July 19, 2017, for an asthma check-up and that Dr. Usher told him that the seizure he had experienced could have been caused by him not receiving his medication. *Id*. He asserts that Dr. Usher issued instructions for Plaintiff to receive a lower bunk assignment, but that this instruction was not followed by Unit Manager Pamela Hayes and Case Manager Hawkins and that he had to sleep in a top bunk for over

a month and a half before the bottom bunk instruction was followed. *Id*. at 8. Plaintiff further alleges that he has had problems receiving his prescribed medications. He contends that he was not provided his medications on July 5 and 6, 2017, *id*. at 7, and that his medication was "played with" while he was in the segregation unit from September 1-12, 2017. *Id*. at 8.

Upon initial review of the complaint under the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(e)(2) and 1915A, and 42 U.S.C. § 1997e, the Court found that Plaintiff stated a colorable constitutional claim that his rights under the Eighth Amendment had been violated and process was served upon CoreCivic. Upon Defendant's filing of an answer, a scheduling order was entered providing for a period of discovery and pretrial activity. *See* Docket Entry Nos. 12 and 13. Both parties demand a trial by jury. Other than the pending motion for summary judgment, there are no other motions pending in the case.

## II. MOTION FOR SUMMARY JUDGMENT, RESPONSE, AND REPLY

Defendant seeks summary judgment in its favor under Rule 56 of the Federal Rules of Civil Procedure. In support of its motion, Defendant submits: (1) the declaration of Bobby Aylward (Docket Entry No. 16), a CoreCivic employee involved in the administrative grievance system at the Detention Facility; (2) the declaration of Dr. James Bridges (Docket Entry No. 17), a physician who works at the Facility; (3) the declaration of Dixon (Docket Entry No. 18); (4) the declaration of Detention Facility Warden Blair Leibach (Docket Entry No. 19); (5) the declaration of Porter (Docket Entry No. 23); and, (6) a Statement of Undisputed Material Facts (Docket Entry No. 21).

Defendant raises an exhaustion defense under the Prison Litigation Reform Act of 1996 ("PLRA"), 42 U.S.C. § 1997e(a), contending that Plaintiff failed to exhaust his administrative

3

remedies at the Detention Facility prior to filing this lawsuit. Defendant also contends that Plaintiff was not deprived of adequate medial care. Specifically, Defendant asserts that Plaintiff did not report that he had a history of seizures prior to the incident on July 4, 2017, and that staff at the Detention Facility provided him appropriate treatment subsequent to his seizure, including prescribing medications, conducting examinations, and issuing an order for a bottom bunk pass. Defendant further argues that, as a corporate defendant, it cannot be found liable under Section 1983 based upon a theory of *respondeat superior* and can only be deemed liable because of a policy, custom, or practice that caused a constitutional violation, but that such evidence is lacking in this case. Finally, Defendant asserts that Plaintiff has not shown that the alleged conduct of staff at the Detention Facility caused him to suffer a physical injury that is more than *de minimis* and, thus, he is barred by 42 U.S.C. § 1997e(e) from pursuing his claim. *Id*. at 8-10.[1]

Plaintiff responds in opposition to the motion for summary judgment by filing a notarized, five page[2] narrative in which he swears that "everything that I've stated thus far is true and accurate" and in which he both argues the merits of his claim and responds to Defendant's arguments for summary judgment. *See* Docket Entry No. 25. Plaintiff asserts that he clearly had a seizure and disputes any

---

[1] Defendant also argues that, to the extent that Plaintiff's claims sound in medical malpractice under state law, he has not complied with the requirements of Tennessee's Health Care Liability Act. *See* Memorandum in Support (Docket Entry No. 15) at 18-20. However, Plaintiff specifically brings his complaint under 42 U.S.C. § 1983 for "having his rights as well as amendments violated," *see* Complaint 1 and 6, and nowhere in his complaint does he mention a claim for medical malpractice or a claim brought under state law. Accordingly, the Court does not construe the complaint as having raised a medical malpractice claim under state law, and Defendant's argument for dismissal of such a claim is superfluous.

[2] The scanned copy of Plaintiff's response that was initially viewable on the electronic docket did not include the rear facing pages of the original that was filed by Plaintiff and that is part of the Court's hard copy case file. The undersigned has directed the Clerk to re-scan the original document so that all pages are viewable on the electronic docket.

4

implication by Defendant that he did not suffer a personal injury that supports his claim. He further disputes that he did not grieve the matter at the Detention Facility. He contends that he was given minimal treatment after his fall and that he continues to suffer migraines, dizziness, blurred vision, and lack of focus since the fall. Plaintiff contends that his safety has been put at risk because he has not been provided with proper treatment for his injury.

Defendant has filed a reply in which it asserts that: (1) Plaintiff's response, filed on September 24, 2018, was untimely because the Court has set September 17, 2018 as his deadline to respond; (2) Plaintiff's response, even if timely filed, did not contain any citations to the record and did not specifically dispute Defendant's Statement of Undisputed Material Facts and, thus, the facts set out in Defendant's statement should be viewed as undisputed; and, (3) even if Plaintiff has filed a proper response, summary judgment is still warranted in favor of Defendant for the reasons set out in Defendant's supporting memorandum. *See* Defendant's Reply (Docket Entry No. 26).

### III. STANDARD OF REVIEW

Summary judgment is appropriate if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Rule 56(a) of the Federal Rules of Civil Procedure. *See also Celotex Corp. v. Catrett,* 477 U.S. 317, 322-23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). In considering whether summary judgment is appropriate, the Court must "look beyond the pleadings and assess the proof to determine whether there is a genuine need for trial." *Sowards v. Loudon Cnty.*, 203 F.3d 426, 431 (6th Cir.), *cert. denied*, 531 U.S. 875, 121 S.Ct. 179, 148 L.Ed.2d 123 (2000). The Court must view the evidence and all inferences drawn from underlying facts "in the light most favorable to the party opposing the motion." *See Matsushita Elec.*

*Indus. Co. v. Zenith Radio Corp., Ltd.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986); *Gribcheck v. Runyon*, 245 F.3d 547, 550 (6th Cir.), *cert. denied*, 534 U.S. 896, 122 S.Ct. 217, 151 L.Ed.2d 155 (2001).

The moving party has the burden of showing the absence of genuine factual disputes from which a reasonable jury could return a verdict for the non-moving party. *Anderson*, at 249-50. "Once the moving party has presented evidence sufficient to support a motion for summary judgment, the nonmoving party is not entitled to trial merely on the basis of allegations; significant probative evidence must be presented to support the complaint." *Goins v. Clorox Co.*, 926 F.2d 559, 561 (6th Cir. 1991). The party opposing the motion for summary judgment may not rely solely on the pleadings but must present affirmative evidence supporting the claims asserted by the party. *See Bell v. Ohio State Univ.*, 351 F.3d 240, 247 (6th Cir. 2003); *Banks v. Wolfe Cnty. Bd. of Educ.*, 330 F.3d 888, 892 (6th Cir. 2003). Plaintiff's *pro se* status does not relieve him of his obligation to set forth or point to admissible evidence showing that genuine issues of material fact exist which require that the action proceed to trial. This is the threshold requirement for all non-moving parties when summary judgment is sought by an opposing party. *Sixty Ivy St. Corp. v. Alexander,* 822 F.2d 1432, 1435 (6th Cir. 1987).

### IV. CONCLUSIONS

A.  42 U.S.C. § 1983 and the Eighth Amendment

A claim brought under 42 U.S.C. § 1983 requires the claimant to show: 1) the deprivation of a right secured by the Constitution or laws of the United States; and  2) that the deprivation was caused by a person acting under color of state law. *Street v. Corrections Corp. of America*, 102 F.3d

6

Case 3:17-cv-01516   Document 27   Filed 10/17/18   Page 6 of 12 PageID #: 361

810, 814 (6th Cir. 1996). Defendant does not dispute that it acts under color of state law in managing the Detention Facility.

Plaintiff alleges deprivations of his rights under the Eighth Amendment. The Cruel and Unusual Punishment Clause of the Eighth Amendment prohibits the wanton and unnecessary infliction of pain upon convicted prisoners and requires that prisoners be provided with a level of medical care that is consistent with contemporary standards of decency. *Rhodes v. Chapman*, 452 U.S. 337, 347-48, 101 S.Ct. 2392, 69 L.Ed.2d 59 (1981); *Estelle v. Gamble*, 429 U.S. 97, 102-03, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). However, because the Eighth Amendment does not protect against ordinary torts or claims of negligence, a plaintiff's proof must show a high level of objective severity and of mental culpability on the part of the defendant. *Farmer v. Brennan*, 511 U.S. 825, 834, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994).

An Eighth Amendment claim for unconstitutional medical care requires evidence that: 1) Plaintiff had an objectively serious medical need that was not treated appropriately, *Comstock v. McCrary*, 273 F.3d 693, 703 (6th Cir. 2001); and 2) the prison official sued had a sufficiently culpable state of mind, in other words, that the official acted with "deliberate indifference" to the serious medical need. *Farmer*, 511 U.S. at 834; *Estelle*, 429 U.S. 97 at 103. This standard is not satisfied by a showing of negligence or even medical malpractice. *Estelle*, 429 U.S. at 105; *Comstock*, 273 F.3d at 702.

B. Defendant's Motion for Summary Judgment

As an initial matter, the Court rejects Defendant's argument that Plaintiff's response should be viewed as untimely and insufficient. The Court will excuse the few days of tardiness in Plaintiff's

7

filing and will likewise excuse both the failure of Plaintiff to make a specific response to Defendant's Statement of Undisputed Material Facts and any failure to cite to specific parts of the record. Plaintiff clearly relies primarily upon his own sworn response and upon the attachments to his complaint. Plaintiff, as a *pro se* and incarcerated litigant, has made a satisfactory effort to litigate his claims and bring his arguments in support of his claims to the Court's attention in response to the motion for summary judgment.

The Court must next review Defendant's argument that Plaintiff failed to comply with the PLRA's exhaustion requirement before filing his lawsuit. Section 1997e(a) of the PLRA requires a prisoner to exhaust all available administrative remedies before filing a lawsuit that brings claims seeking redress for prison conditions, circumstances, or occurrences. *Porter v. Nussle*, 534 U.S. 516, 524, 122 S.Ct. 983, 152 L.Ed.2d 12 (2002). Once the affirmative defense of failure to exhaust is raised and supported by a defendant, the burden falls to the prisoner plaintiff to present significant probative evidence showing that he has complied with the PLRA's exhaustion requirement. *Napier v. Laurel Cnty., Ky.*, 636 F.3d 218, 225 (6th Cir. 2011).

Defendant contends that Plaintiff filed an informal resolution about the matters but did not pursue the second or third levels of the three level grievance process that is available to inmates at the Detention Facility. *See* Defendant's Memorandum in Support (Docket Entry No. 15) at 4-7. Defendant submits the declaration of Bobby Aylward in support of its contention. *See* Docket Entry No. 16 at ¶¶ 4-7. A failure by Plaintiff to pursue his grievance through all available levels of review would render the grievance unexhausted because a prisoner must take advantage "of each step the prison holds out for resolving the claim internally." *Reed-Bey v. Pramstaller*, 603 F.3d 322, 324 (6th Cir. 2010) (quoting *Woodford v. Ngo*, 548 U.S. 81, 90, 126 S.Ct. 2378, 165 L.Ed.2d 368 (2006));

*Freeman v. Francis*, 196 F.3d 641, 645 (6th Cir. 1999); *Hartsfield v. Vidor*, 199 F.3d 305, 306 (6th Cir. 1999).

The Court finds no merit in Defendant's argument, however, in light of an attachment to Plaintiff's complaint. Attached to the complaint is a copy of an inmate grievance that Plaintiff filed on August 4, 2017, Grievance # 91727, in which he grieves the events at issue. *See* Docket Entry No. 1 at 15. The rear page of the grievance shows that Plaintiff: (1) received a decision from a staff member to his formal grievance; (2) pursued a grievance appeal from the decision to the warden; and, (3) received a final decision from the warden on September 12, 2017. Defendant does not address this grievance in its motion.[3] Thus, it appears to the Court that Plaintiff pursued all three levels of the grievance process prior to filing his lawsuit. Defendant has not carried its initial burden of supporting its exhaustion defense.

Nonetheless, Defendant's motion for summary judgment should be granted because there is simply a lack of evidence before the Court that would allow a reasonable jury to find in favor of Plaintiff on his claim. In his lawsuit, Plaintiff has not named as a defendant any of the individuals whom he asserts were involved in the alleged unconstitutional conduct, such as, for example, Officer Porter, Correctional Counselor Dixon, or Nurse Price. Instead, he has sued only CoreCivic, the entity which manages and administers the Detention Facility. Although CoreCivic is a private corporation

---

[3] The scanned copy of the grievance that was initially viewable on the electronic docket did not include the rear facing page of the original that was filed with the complaint and that is part of the Court's hard copy case file. Thus, counsel for Defendant may not have been able to see this page upon review of the electronic docket. However, the attachments to the complaint that are on the electronic docket clearly show that Plaintiff filed a formal grievance and pursued an appeal of the grievance. *See* Docket Entry No. 1 at 13-15. However, there is no mention of this grievance and appeal in the declaration of Aylward. The undersigned has directed the Clerk to re-scan the original document so that all pages are viewable on the electronic docket.

that can be sued under 42 U.S.C. § 1983 because it performs the traditional state function of operating a prison, *see Thomas v. Coble*, 55 Fed.App'x. 748, 748 (6th Cir. 2003); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996), it cannot be held liable under a theory of *respondeat superior* or vicarious liability merely because its employees may have acted or failed to act in a manner that violated Plaintiff's constitutional rights. *Braswell v. Corrections Corp. of America*, 419 Fed. App'x 622, 627 (6th Cir. 2011); *Street*, 102 F.3d at 818. *See also Garner v. Memphis Police Dept.*, 8 F.3d 358, 363 (6th Cir. 1993) ("Municipalities are not, however, liable [under 42 U.S..C. § 1983] for every misdeed of their employees and agents.").

In a manner similar to a Section 1983 claim brought against a municipality, *see Monell v. Department of Soc. Servs.*, 436 U.S. 658, 691-94, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978), a claim against CoreCivic can only be based upon facts showing that a policy, custom, or practice of CoreCivic caused the violation of Plaintiff's constitutional rights. *Street*, *supra*. *See also Starcher v. Correctional Med. Sys., Inc.*, 7 Fed.App'x. 459 (6th Cir. March 26, 2001) (applying policy requirement to private medical provider in a prison medical care case). This requires facts that show that the execution of a CoreCivic policy or custom was the "moving force" behind the violation of the constitutional rights at issue. *Bd. of Cnty. Comm'rs v. Brown*, 520 U.S. 397, 404, 117 S.Ct. 1382, 137 L.Ed.2d 626 (1997); *Maxwell v. Corr. Med. Servs., Inc.*, 538 Fed.App'x 682, 691 (6th Cir. 2013).

Thus, even if the Court presumes that evidence exists that creates genuine issues of material fact about whether the conduct of an individual staff member at the Detention Facility violated his constitutional rights, this evidence is not enough for Plaintiff's claim against CoreCivic to move forward past the motion for summary judgment. *See Cash v. Hamilton County Dep't. of Adult Prob.*, 388 F.3d 539, 542 (6th Cir. 2004). Plaintiff must do more than merely show misconduct by

individual employees at the Detention Facility or point to something that could have been done differently. A plaintiff pursuing a *Monell* type claim bears a difficult burden to establish liability. *See Thomas v. City of Chattanooga*, 398 F.3d 426, 429 (6th Cir. 2005). At a minimum, he must: (1) identify a specific policy or custom; (2) connect the policy or custom to CoreCivic; and, (3) show that his particular injury was caused by the execution of that policy or custom. *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003). In the instant case, Plaintiff has not presented even a minimal amount of evidence showing that a policy or custom of CoreCivic, as opposed to the actions of an individual CoreCivic employee, was the moving force and cause behind the alleged unconstitutional conduct and the injuries he alleges he suffered. In such a situation, CoreCivic is entitled to summary judgment in its favor. *See Bekier v. Karnes*, 66 F.3d 325, 1995 WL 559358 (6th Cir. 1995) (table decision); *Searcy v. City of Dayton*, 38 F.3d 282, 287 (6th Cir. 1994); *Rivers v. Karpells*, 2015 WL 1383950 at *2 (M.D. Tenn. Mar. 23, 2015) (Sharp, J.); *McCauley v. Sator*, 2012 WL 2357480 at *9 (M.D. Tenn. June 20, 2012) (Haynes, J.).

## RECOMMENDATION

Based on the forgoing, the undersigned Magistrate Judge respectfully RECOMMENDS that the motion for summary judgment (Docket Entry No. 14) filed by Defendant CoreCivic, Inc., be GRANTED and that this action be DISMISSED WITH PREJUDICE.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this Report and Recommendation and must state with particularity the specific portions of this Report and Recommendation to which objection is made. *See* Rule 72(b)(2) of the Federal Rules of Civil Procedure and Local Rule 72.03(b)(1). A failure to

11

file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Any response to the objections must be filed within fourteen (14) days after service of such objections. *See* Federal Rule 72(b)(2) and Local Rule 72.03(b)(2).

                                        Respectfully submitted,

                                        BARBARA D. HOLMES
                                        United States Magistrate Judge