# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| JOHN ELLIS WELCH, | ) |
| Plaintiff, | ) ) ) |
| v. | ) NO. 3:17-cv-01516 |
| | ) CHIEF JUDGE CRENSHAW |
| CORECIVIC INC., | ) ) |
| Defendant. | ) |

# ORDER

John Ellis Welch's *pro se* Complaint seeks relief for being denied constitutionally adequate medical care and being mistreated after having a seizure at the Metro-Davidson County Detention Facility. (Doc. No. 1.) CoreCivic operates the Detention Facility under contract with the Metropolitan Government of Nashville and Davidson County, Tennessee. (Doc. No. 19 at ¶ 3.) Before the Court is a Report and Recommendation from the Magistrate Judge (Doc. No. 27) recommending that the Court grant CoreCivic's Motion for Summary Judgment (Doc. No. 14) on the ground that there is a lack of evidence to support a jury finding that CoreCivic had a policy, custom, or practice that was the moving force behind unconstitutional conduct that caused Welch's alleged injuries. Welch has not timely filed objections.

In reviewing a motion for summary judgment, this Court will only consider the narrow question of whether there are "genuine issues as to any material fact and [whether] the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A motion for summary judgment requires that the Court view the "inferences to be drawn from the underlying facts . . . in the light most favorable to the party opposing the motion." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (quoting United States v. Diebold, Inc., 369 U.S. 654, 655

(1962)). "The party bringing the summary judgment motion has the initial burden of informing the Court of the basis for its motion and identifying portions of the record that demonstrate the absence of a genuine dispute over material facts." Rodgers v. Banks, 344 F.3d 587, 595 (6th Cir. 2003). After the movant has satisfied this initial burden, the nonmoving party has the burden of showing that a "rational trier of fact [could] find for the non-moving party [or] that there is a 'genuine issue for trial.'" Matsushita, 475 U.S. at 587. If the evidence offered by the nonmoving party is "merely colorable," or "not significantly probative," or not enough to lead a fair-minded jury to find for the nonmoving party, the motion for summary judgment should be granted. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-50 (1986).

CoreCivic's Motion, Statement of Undisputed Facts, and supporting Affidavits establish that it is entitled to summary judgment. Despite being "persons" for the purposes of § 1983, municipalities (and their agents acting under color of state law) are not "liable for every misdeed of their employees and agents." Garner v. Memphis Police Dep't, 8 F.3d 358, 363 (6th Cir. 1993). In other words, § 1983 does not support *respondeat superior* liability. Monell v. Dep't of Soc. Servs. of City of New York, 436 U.S. 658, 691 (1978). "Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." Id. at 694. Thus, to succeed in a claim against CoreCivic, Welch must do more than allege misconduct by individual employees or suggest things that could have been done differently or even better. At a minimum, Welch must: (1) identify a specific policy or custom; (2) connect the policy or custom to CoreCivic; and (3) show that his particular injury was caused by the execution of that policy or custom. Alkire v. Irving, 330 F.3d 802, 815 (6th Cir. 2003) (citing Garner, 8 F.3d at 364).

As explained in the Report and Recommendation, Welch has simply not met this burden. Specifically, Welch contends that CoreCivic personnel failed to properly treat him post-seizure, including making negligent bunk assignments. Welch does not, however, point to any policy underpinning these alleged actions (even in response to the motion for summary judgment, which sets forth policies requiring CoreCivic personnel to provide prisoners with adequate care). Likewise, Welch's isolated examples of CoreCivic personnel's alleged behavior cannot alone constitute the basis of a custom. Nor does Welch offer evidence that any purported policy or custom was the "moving force" behind the specific constitutional violations that he alleges. For all these reasons, no jury could find CoreCivic liable for the alleged constitutional violations of its employees, and CoreCivic is entitled to judgment as a matter of law.

Accordingly, the Report and Recommendation (Doc. No. 27) is **APPROVED AND ADOPTED**. CoreCivic's motion for summary judgment (Doc. No. 14) is **GRANTED**. This is a final order. The Clerk of Court shall issue a judgment pursuant to the Federal Rules of Civil Procedure and close the file.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE